UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH THIBODEAUX** | **CIVIL DOCKET NO. 6:22-cv-04104** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT [Doc. 34] (the "Motion") filed by Allstate Vehicle and Property Insurance Company (hereinafter, "Allstate V&P"). Plaintiff Joseph Thibodeaux opposes the Motion [Doc. 39], and Allstate V&P filed a Reply brief [Doc. 40]. For the reasons that follow, Allstate V&P's Motion is GRANTED.

### BACKGROUND

This lawsuit arises out of alleged damages caused by Hurricanes Laura and Delta to Plaintiff's property located at 190 Natalie St. in Eunice, Louisiana (the "Property"). [Doc. 1, ¶ 1]. Plaintiff alleges that his Property was damaged by two hurricanes: (i) Hurricane Laura, which hit Southwest Louisiana on or about August 27, 2020; and (ii) Hurricane Delta, which hit the same area on or about October 9, 2020. Plaintiff alleges that at the time these two storms made landfall in Louisiana, Allstate V&P maintained a policy of property insurance that covered the Property against the specific types of damages that were caused by the hurricanes.

Plaintiff retained McClenny, Moseley & Associates, PLLC ("MMA"), which filed suit on Plaintiff's behalf on August 25, 2022, in the Lake Charles Division of this

Court, alleging that Allstate V&P wrongfully failed to pay the loss amounts due under the policy and that Allstate acted in bad faith under La. R.S. § 22:1892 and § 22:1973. [Doc. 1]. On October 31, 2023, Judge Cain terminated MMA's representation of hundreds of plaintiffs with claims arising from Hurricanes Laura, Delta, and Ida for attorney misconduct. [Doc. 20]. By virtue of Judge Cain's Order, Plaintiff was designated *pro se*. Plaintiff retained his current counsel on November 30, 2023. [Doc. 22].

Allstate V&P filed the instant Motion on September 3, 2024, asserting that no valid insurance policy covering the Plaintiff's Property existed between Plaintiff and Allstate V&P at the time of the subject incidents. All issues having been briefed by the parties; the Motion is now ripe for ruling.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the

burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

In diversity cases such as this one, federal courts apply state substantive law and federal procedural law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). Additionally, in this case, Louisiana law applies because the provisions of an insurance policy are interpreted in accordance with the law of the state where the policy was issued. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 677-78 (5th Cir. 2000). Accordingly, the Court applies Louisiana law to Plaintiff's claims for breach of contract and bad faith.

**II. Analysis**

In order to succeed on a breach of contract claim under Louisiana law, a plaintiff must prove the existence of a contract, a breach of the obligations therein, and damages. *Allday v. Newpark Square I Off. Condo. Ass'n, Inc.*, 327 So. 3d 566, 574 (La. App. 5th Cir. 2021). *See also New Orleans Craft Temple, Inc. v. Grand Lodge of Free Masons of the State of Louisiana*, 131 So. 3d 957, 964 (La. App. 5th Cir. 2013); *Favrot v. Favrot*, 68 So. 3d 1099 (La. App. 4th Cir. 2011), *writ denied*, 62 So. 3d 127 (La. 2011). Importantly, "no action for breach of contract may lie in the absence of privity of contract between the parties." *Long v. Jeb Breithaupt Design Build Inc.*, 4 So. 3d 930, 941–42 (La. App. 2nd Cir. 2009); *Howard v. First United Pentecostal Church of DeRidder La*, 2022 WL 194380, at *2 (W.D. La. Jan. 20, 2022); *K & B Louisiana Corp. v. Caffery-Saloom Retail, L.L.C.*, 2017 WL 778144, at *3 (W.D. La. Jan. 27, 2017), *report and recommendation adopted*, 2017 WL 777966 (W.D. La. Feb. 24, 2017), *citing Pearl River Basin Land & Dev. Co. v. State of Louisiana*, 29 So. 3d 589, 593 (La. App. 1st Cir. 2009).

Here, there is no evidence of an insurance contract between Plaintiff and Allstate V&P. Allstate V&P submitted the affidavit of George Hornik, a representative of Allstate V&P, who attested that he reviewed and analyzed Allstate V&P's records, and that Allstate V&P did not provide insurance coverage to the Plaintiff on the dates of occurrence of either Hurricane Laura or Hurricane Delta, or at any other time since Hurricane Laura occurred. Mr. Hornik goes on to explain:

> The claim for storm damage which was presented by Joseph Thibodeaux at 190 Natalie St. in Eunice, La. was a claim submitted to Allstate Insurance Company, a legally separate corporation and insurance company from Allstate Vehicle and Property Insurance Company, and that claim submitted to Allstate Insurance Company was for a September l, 2021, storm claim following Hurricane Ida. There is no other record of a storm claim prior to September of 2021, and no record of Joseph Thibodeaux having had insurance of any kind with Allstate Vehicle and Property Insurance Company.

[Doc. 34-2, ¶ B].

In response, the Plaintiff provides no policy evidencing an insurance contract between the parties. Rather, the Plaintiff argues that there is an "identity of interest" between Allstate V&P and Allstate Insurance Company, such that "an amendment adding new defendants would relate back to a timely filed petition." [Doc. 39, p. 2]. Plaintiff goes on to argue that Allstate Insurance Company is not a "whole new defendant," because it is "related" to Allstate V&P; both entities are served through the Louisiana Secretary of State; and Allstate Insurance Company will not be prejudiced by the mistake of naming a different Allstate entity. *Id.* at p. 3. But the record shows that the Plaintiff has not attempted to amend the Complaint to add the proper Allstate entity as a defendant in this matter. And Allstate V&P argues that the Plaintiff has known that MMA filed suit against the wrong Allstate entity since October 11, 2023, the date Allstate V&P filed its Answer. [Doc. 17].

The Fifth Circuit has held that an identity of interest exists when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *First Emmanuel Baptist Church v. Colony Ins. Co.*, 2008 WL 4948778, at *3

(E.D. La. Nov. 18, 2008), *citing Jacobsen v. Osborne,* 133 F.3d 315, 320 (5th Cir. 1998). And courts have found an identity of interest between corporate entities and their officers and between entities which share officers, directors, or counsel. *See, e.g., Jacobsen,* 133 F.3d at 320 (finding notice may be imputed through shared counsel); *B.S. Livingston Exp. Corp. v. M/V Ogden Fraser,* 727 F. Supp. 144, 146 (S.D.N.Y.1989) (holding that the owner of a company shared an identity of interest with the company); *Bowden v. Wal-Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1242 (M.D. Ala. 2000) (finding an identity of interest between two hospitals which shared directors and counsel). But the Plaintiff does not allege or submit any evidence to suggest that Allstate V&P and Allstate Insurance Company have any such connection, nor does he submit any evidence to suggest that Allstate V&P and Allstate Insurance Company are otherwise "closely related." *First Emmanuel Baptist Church*, 2008 WL 4948778, at *3.

In the absence of any evidence that there is an "identity of interest" between Allstate V&P and Allstate Insurance Company, the undisputed facts show that there is no insurance contract between Plaintiff and Allstate V&P, which dooms the Plaintiff's breach of contract claim. As this is the only claim brought by the Plaintiff, the entire suit is subject to dismissal.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 34] is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 8th day of November 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE